

**Mark Siegmund, Esq.**
Associate General Counsel
Office of General Counsel

October 30, 2020

<u>VIA ECF</u>
Hon. Ronnie Abrams, U.S. District Judge
Hon. Barbara Moses, U.S. Magistrate Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re:  *Raymond v. Arcadia Recovery Bureau, LLC and Cornell University*, No. 20-cv-5295-RA (S.D.N.Y.)

Dear Judge Abrams and Judge Moses:

This office represents defendant Cornell University ("Cornell") in the above-referenced action, in which Plaintiff alleges violations of the Federal Debt Collection Practices Act ("FDCPA") and New York's General Business Law ("GBL").  Cornell has moved to dismiss the Amended Complaint in its entirety.  See ECF Nos. 17-18.  I respectfully request that the Court (1) stay discovery pending the resolution of Cornell's motion to dismiss and (2) adjourn *sine die* the conference currently scheduled for November 6, 2020.

"[D]istrict courts have considered the following factors in determining whether a stay of discovery is appropriate pending the outcome of a dispositive motion:  (1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay."  *Long Island Hous. Servs., Inc. v. Nassau Cty. Indus. Dev. Agency*, 2015 WL 7756122, at *2 (E.D.N.Y. Dec. 1, 2015) (internal quotation marks and citations omitted); *accord Ema Financial, LLC v. Vystar Corp.*, 2020 WL 4808650, at *3 (S.D.N.Y. Aug. 18, 2020) (granting request for discovery stay after considering "(1) the breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion") (internal quotation marks and citations omitted); *see, e.g.*, *Spencer Trask Software and Information Services, LLC v. RPost International Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (granting request for discovery stay based on review of moving papers prior to receipt of opposition papers on motion to dismiss, in part because defendants "appear to have substantial arguments for dismissal of many, if not all, of the claims asserted in this lawsuit"); *see also Sussman v. I.C. System, Inc.*, 928 F. Supp. 2d 784, 787 n.1 (S.D.N.Y. 2013) (noting that discovery was stayed in case alleging violations of the FDCPA and GBL pending resolution of motion to dismiss), *mot. to certify appeal denied*, 2013 WL 5863664 (S.D.N.Y. Oct. 30, 2013).

Here, each of these factors warrants staying discovery until after Cornell's motion to dismiss is resolved.



T: 212.746.4371
mas4038@med.cornell.edu

445 East 69th St., Suite 405
New York, NY 10021

*First*, as explained in our memorandum of law in support of the motion to dismiss (ECF No. 18), Cornell has raised substantial arguments for dismissal of each of Plaintiff's claims.  Plaintiff alleges that a letter sent to him on June 3, 2020 by Arcadia Recovery Bureau, LLC ("Arcadia"), a debt collector for Weill Cornell Medicine ("WCM") (a unit of Cornell), requesting payment of $126 for medical services violated his rights under the FDCPA and GBL.  Plaintiff's theory is that the June 3 letter violated his rights because he allegedly had previously sent a letter to WCM on March 17, 2020 advising WCM that he is represented by legal counsel and requesting that he not be contacted directly regarding the debt.  But the FDCPA clearly only prohibits a debt collector from directly communicating with a represented debtor if the debtor previously sent a letter to the *debt collector* (not the creditor) requesting that he not be contacted directly about the debt.  Plaintiff does not allege he ever sent such a letter to *Arcadia* before receiving the June 3 letter, nor could he.  A creditor's knowledge that a debtor is represented by legal counsel is not automatically imputed to the debt collector.  And the GBL does not apply because, *inter alia*, there was nothing deceptive about Arcadia's letter.

No amount of discovery will change the fact that Plaintiff's case rests on a faulty legal premise.

*Second*, it would be burdensome and prejudicial to WCM, which provides important medical clinical, educational, and research services to the community, to have to engage in discovery before its motion to dismiss is decided.  *See Spencer Trask Software & Info. Services, LLC v. RPost Int'l Ltd.,* 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (staying discovery because "proceeding with discovery while the motion to dismiss is pending would unnecessarily drain the parties' resources").

*Third*, Plaintiff will not be prejudiced if discovery is stayed.  There is no risk that documents will be lost if discovery does not immediately commence because any relevant documents in Cornell's possession are subject to a litigation hold as a result of this litigation.  In addition, Cornell is prepared to fully brief the motion as soon as possible, and has not requested oral argument.

This is Cornell's first request for an extension of a conference in this case.

Arcadia consents to this request.  Yesterday afternoon, I contacted Plaintiff's counsel, Novlette R. Kidd, by email asking whether Plaintiff consents to this request.  Plaintiff's counsel has not responded to my email.

Respectfully submitted,

/s/ Mark Siegmund

Mark Siegmund

cc:   Counsel of Record (via ECF)

No later than Wednesday, November 4, 2020 counsel for Plaintiff shall inform the Court by letter of Plaintiff's position on Defendants' motion to adjourn the conference scheduled for November 6 and to stay discovery pending the Court's adjudication of Defendants' motion to dismiss. If Plaintiff opposes these requests, he shall briefly set out his views as to why there is not good cause for a stay of discovery. See Fed. R. Civ. P. 26(c); Negrete v. Citibank, N.A., No. 15-CV-7250 (RWS), 2015 WL 8207466, at *1 (S.D.N.Y. Dec. 7, 2015).

SO ORDERED.

Hon. Ronnie Abrams
11/2/2020