UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌────────────────────────────────────┐
│ USDC-SDNY                           │
│ DOCUMENT                            │
│ ELECTRONICALLY FILED                │
│ DOC#:                               │
│ DATE FILED: 08/25/2021              │
└────────────────────────────────────┘
```

ARTHUR RAYMOND,

                    Plaintiff,

            v.

ARCADIA RECOVERY BUREAU, LLC
and CORNELL UNIVERSITY *also known as*
WEILL CORNELL MEDICAL COLLEGE,

                    Defendants.

No.  20-CV-5295 (RA)

<u>MEMORANDUM
OPINION & ORDER</u>

RONNIE ABRAMS, United States District Judge:

Plaintiff Arthur Raymond commenced this action on July 9, 2020, raising claims against Arcadia Recovery Bureau, LLC ("Arcadia"), under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, which prohibits debt collectors from engaging in abusive and deceptive practices. Plaintiff alleges that Arcadia, a debt collector working on behalf of Defendant Cornell University a/k/a Weill Cornell Medical College ("Weill Cornell"), violated the FDCPA when it contacted him directly to collect a debt, rather than going through his attorneys at Fagenson & Puglisi. *See* First Amended Complaint ("FAC"), Dkt. 9, ¶¶ 25–30. Plaintiff also asserts state law claims against both Arcadia and Weill Cornell under the New York General Business Law and for negligence. Although Arcadia filed an answer to the FAC on October 5, 2020, *see* Dkt. 14, Weill Cornell has moved to dismiss the FAC in its entirety, including the FDCPA claims asserted against Arcadia only. For the following reasons, the complaint is dismissed without prejudice, and Plaintiff may file an amended complaint.

## BACKGROUND

The following facts are drawn from Plaintiff's first amended complaint and are assumed to be true for the purpose of resolving this motion. *See Stadnick v. Vivint Solar, Inc.*, 861 F.3d

31, 35 (2d Cir. 2017). On February 12, 2020, Plaintiff received medical services from Weill Cornell Medical College ("Weill Cornell"). *See* FAC at 26, Ex. B. In March 2020, Weill Cornell sent Plaintiff an invoice for $126.67. *See* Plaintiff's Memorandum of Law in Opposition to Motion to Dismiss ("Pl. Mem."), Dkt. 27, at 1; FAC ¶ 21. Plaintiff did not believe that he owed Weill Cornell any money because he thought his health insurance either had already or would at some point cover the expense. FAC ¶ 22. His attorneys at Fagenson & Puglisi sent a letter dated March 17, 2020 to Weill Cornell, disputing the debt and asking that plaintiff not be contacted directly. *Id*. ¶¶ 25-26. Weill Cornell hired Arcadia to collect the debt. On June 3, 2020, Arcadia sent a collection letter directly to Plaintiff at his home, seeking a balance of $126.67. *Id*. ¶¶ 29-31.

Upon receipt of the debt collection letter, "plaintiff's blood pressure became elevated thereby placing his health in jeopardy, and plaintiff felt surprise, confusion, annoyance, irritation, upset, frustration and a sense that defendants were trying to intimidate and harass him into paying the disputed debt which he does not believe he owes, and further, upon receipt of the collection letter at his home plaintiff wondered and feared that Fagenson & Puglisi no longer represented him in the matter of the debt and as a consequence was obliged to seek further legal advice and representation." *Id*. ¶ 48.

## LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). On a Rule 12(b)(6) motion, the question is "not whether [the plaintiff] will ultimately prevail," but "whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 529-30 (2011) (citation omitted). In answering this question, the Court must "accept[] all factual allegations as true, but 'giv[e] no effect to legal conclusions couched as factual allegations.'" *Stadnick*, 861 F.3d at 35 (quoting *Starr v. Sony BMG Music Entm't*, 592 F.3d 314, 321 (2d Cir. 2010)).

## DISCUSSION

### I.    FDCPA Claims

Weill Cornell first moves to dismiss Plaintiff's claims asserted against Arcadia under the FDCPA.[1] Plaintiff brings claims under two sections of that statute, 15 U.S.C. §§ 1692c(a)(2) and 1692e. Section 1692c(a)(2) prohibits "a debt collector" from "communicat[ing] with a consumer in connection with the collection of any debt . . . if the debt collector knows the consumer is represented by an attorney with respect to such debt." Section 1692e generally prohibits using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." Plaintiff alleges that he informed Weill Cornell that he was represented by counsel

---

[1] Plaintiff's FDCPA claims are asserted only against Arcadia as the debt collector; Weill Cornell as the creditor is not liable under the statute. *See Maguire v. Citicorp Retail Servs., Inc.*, 147 F.3d 232, 235 (2d Cir. 1998) ("As a general matter, creditors are not subject to the FDCPA."); *Randolph v. IMBS, Inc.*, 368 F.3d 726, 729 (7th Cir. 2004) ("A distinction between creditors and debt collectors is fundamental to the FDCPA, which does not regulate creditors' activities at all.").

and did not wish to be contacted directly, and argues that even if Arcadia lacked actual

knowledge of this fact, Weill Cornell's knowledge is imputed to Arcadia. *See* Pl. Mem. at 12.

Weill Cornell's primary argument in support of dismissal is that Plaintiff has failed to

allege that Arcadia had actual knowledge that Plaintiff was represented by counsel before

directly contacting him. Although Plaintiff informed Weill Cornell that he was represented by

counsel, Weill Cornell maintains that its own knowledge is not imputed to Arcadia as the debt

collector and Arcadia was under no duty to affirmatively inquire whether Plaintiff was

represented by counsel. *See* Defendant's Memorandum of Law in Support of Motion to Dismiss

("Def. Mem."), Dkt. 18, at 3. In response, Plaintiff argues that (1) Weill Cornell lacks standing to

move to dismiss claims asserted only against Arcadia; and (2) it is sufficient for Plaintiff to show

that Weill Cornell knew he was represented by counsel, since the creditor's knowledge is

imputed to the debt collector and Arcadia had an affirmative duty to inquire of Weill Cornell

whether Plaintiff had legal counsel before Arcadia contacted him.

As an initial matter, the Court agrees with Weill Cornell that it may consider the merits of

the FDCPA claims against Arcadia, even though the motion to dismiss the claims was made by

Weill Cornell. Assuming Plaintiff is in fact correct that Weill Cornell lacks standing to move to

dismiss claims asserted only against Arcadia, the Court nonetheless has inherent authority to

"dismiss a complaint *sua sponte* for failure to state a claim, as long as the plaintiff has been

given an opportunity to be heard." *Sonds v. St. Barnabas Hosp. Corr. Health Servs.*, 151 F.

Supp. 2d 303, 313 (S.D.N.Y. 2001). "In this case, plaintiff has been heard—in his responses to

the existing motion." *Id*. Plaintiff has submitted full briefing on the question as to whether a

creditor's knowledge that a debtor is represented by counsel should be imputed to the debt

collector sufficient to create liability under 15 U.S.C. § 1692c. The Court therefore sees no

4

unfairness in reaching the merits of this claim, particularly as Plaintiff will be granted leave to file an amended complaint and an additional opportunity to be heard. *See Curkin v. City of New York*, No. 18 CIV. 7541 (ER), 2020 WL 5628042, at *10 (S.D.N.Y. Sept. 21, 2020) (a district court may *sua sponte* dismiss claims even if the movant raising them lacks standing to do so, as long as plaintiff is given opportunity to be heard); *Sanya Lanausse v. City of New York*, No. 15 CIV. 1652 (LGS), 2016 WL 2851337, at *2 (S.D.N.Y. May 13, 2016) ("To the extent the [moving defendant] does not have standing to move to dismiss [claims against another defendant], they are dismissed *sua sponte*.").

The Court accordingly proceeds to address the merits question raised by Plaintiff's FDCPA claims. The FDCPA governs communication in connection with debt collection and provides, in relevant part, that

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt ...
> (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.

15 U.S.C. § 1692c(a). The parties dispute whether a debt collector can be said to "know[ ] [that] the consumer is represented by an attorney" when the consumer has so informed the creditor (in this case, Weill Cornell) but not the debt collector (in this case, Arcadia).

The text of the statute is not especially helpful to Plaintiff. Nothing in the statutory language suggests that Congress intended for a creditor's knowledge of a consumer's representation by counsel to be imputed to a debt collector, or that a debt collector has an affirmative duty to ascertain whether a debtor is represented by counsel before contacting him directly. The statute says only that a debt collector is liable for contacting a consumer if it "knows the consumer is represented by an attorney." 15 U.S.C. § 1692c(a)(2). There is no

5

indication from this language that "suggests a congressional intent to hold a debt collector liable when it does not actually know the debtor is represented." *Hennington v. Am. Exp. Co.*, No. 3:09-CV-569 (DPJ), 2010 WL 1329003, at *2 (S.D. Miss. Mar. 29, 2010).

For that reason, most courts to have considered this question have held that "a debt collector must have *actual knowledge* of the debtor's representation," *Maldonado v. Lyons, Doughty, & Veldhuis, P.C.*, No. 13-CV-1825, 2014 WL 1297612, at *3 (D.N.J. Mar. 31, 2014) (emphasis added), and that a "creditor's knowledge that the consumer has an attorney is not automatically imputed to the debt collector," *Hubbard v. Nat'l Bond & Collection Assocs., Inc.*, 126 B.R. 422, 427 (D. Del.), *aff'd*, 947 F.2d 935 (3d Cir. 1991) (quoting FTC Official Staff Commentary § 805(a)(2), 53 Fed. Reg. 50,097 (1988)). *See Schmitt v. FMA All.*, 398 F.3d 995, 997 (8th Cir. 2005) ("[A] plaintiff must plead actual knowledge under the FDCPA in order to state a claim upon which relief may be granted."); *Randolph v. IMBS, Inc.*, 368 F.3d 726, 729–30 (7th Cir. 2004) ("Courts do not impute to debt collectors . . . information that may be in creditors' files."); *Gebhardt v. LJ Ross Assocs., Inc.*, No. 15-CV-2154 (MLC), 2017 WL 2562106, at *2 (D.N.J. June 12, 2017) ("[T]he statute, as a matter of law, requires the debt collector to have actual knowledge of an individual's legal representation prior to making a communication."); *Hennington*, supra; *Offril v. J.C. Penny Co.,* No. 08-CV-5050 (PJH), 2009 WL 69344, at *3 (N.D. Cal. Jan. 9, 2009) (dismissing complaint where plaintiff did not allege that the debt collector "had actual knowledge of [his] representation" and holding that the creditor's actual knowledge was not imputed to the debt collector); *Bianchi v. The Bureaus, Inc.,* No. 05-CV-5769, 2008 WL 597587, at *2 (N.D. Ill. Feb. 27, 2008) ("[L]iability under § 1692c turns on the debt collector's actual knowledge."); *McKeown v. Mary Jane M. Elliott P.C.,* No. 07-CV-12016 (BC), 2007 WL 4326825, at *5 (E.D. Mich. Dec. 10, 2007) ("It is the

plaintiff's burden to demonstrate that an attorney represented the plaintiff with respect to the debt and that the debt collector had 'actual knowledge' of the representation."); *Degonzague v. Weiss, Neuren & Neuren*, 89 F. Supp. 2d 282, 284 (N.D.N.Y. 2000) (awarding summary judgment to defendant on Section 1692c(a)(2) claim where "the plaintiff has not provided any facts or evidence to suggest that [the debt collector] was ever notified that he was represented by counsel," even where plaintiff sent letter to the original creditor advising that he had retained an attorney); *Jones v. Weiss, Neuren & Neuren*, 95 F. Supp. 2d 105, 108 (N.D.N.Y. 2000) (quoting *Countryman v. Solomon & Solomon*, No. 99-CV-1548, 2000 WL 156837, at *2 (N.D.N.Y. Feb. 8, 2000)) ("In order to prevail under 1692c(a)(2), plaintiffs must prove that defendant contacted him/her when it had 'actual knowledge that he/she was represented by an attorney.'").

The Eighth Circuit's decision in *Schmitt* is particularly instructive. There, the plaintiff incurred a debt to a bank and informed the bank that he was represented by counsel. When a debt collection agency subsequently contacted the plaintiff directly to seek payment, he brought suit under Section 1692c(a)(2), premising the debt collector's liability on the theory that because the creditor had actual knowledge of the debtor's representation, such knowledge was imputed to its agent. *Schmitt*, 398 F.3d at 996. The court rejected this theory as a "contradict[ion] [of] established agency law, which dictates that while the knowledge of the agent is imputed to the principal, the converse is not true." *Id*. at 997. The Eighth Circuit affirmed the district court's dismissal of the complaint, holding that "a plaintiff must plead actual knowledge under the FDCPA in order to state a claim upon which relief may be granted." *Id.*

The Court in *Schmitt* specifically rejected the reasoning of the two cases Plaintiff cites in support of his position, which were both decided by Judge Kahn in the Northern District of New York. *See Powers v. Pro. Credit Servs., Inc.*, 107 F. Supp. 2d 166 (N.D.N.Y. 2000); *Micare v.*

*Foster & Garbus*, 132 F. Supp. 2d 77 (N.D.N.Y. 2001). In each of these cases, Judge Kahn held that the knowledge that a consumer was represented by counsel could be imputed to the debt collector when, at the time the debtor's file was transferred to the debt collector, the creditor knew that he was represented by an attorney. In *Micare*, Judge Kahn found that such a rule was necessary to effectuate the purposes of the statute, noting that absent an imputation of the creditor's knowledge to the debt collector,

> a debt collector wishing to defeat the purposes of the act could establish a practice of not seeking out information regarding the debtor's representation by counsel. Whenever a creditor discovered that a debtor was represented by counsel, it could transfer the file to a debt collector with such a practice and allow them to contact the debtors directly without fear of liability under the FDCPA.

132 F. Supp. 2d at 80. The Eighth Circuit declined to follow these cases for several reasons. First, the court noted that there is no basis in the text of the FDCPA to suggest that Congress intended to disrupt the well-settled principle of agency law that a principal's knowledge is not imputed to its agent. *Schmitt*, 393 F.3d at 998. The court further noted that the basis for Judge Kahn's ruling in *Powers* was that a *creditor* has a duty "to convey the material facts of the matter to the debt collector, including information regarding the attorney's representation of the debtor." *Id*. at 997. But, as the Seventh Circuit has held, the FDCPA "does not regulate creditors' activities at all," *Randolph*, 368 F.3d at 729, and there is no basis in the statute to impose any duties on creditors whatsoever.

The Court finds the Eighth Circuit's reasoning to be persuasive. Although Judge Kahn's thoughtful opinions raise legitimate concerns about the possibility that debt collectors could defeat the purposes of act by declining to ascertain whether a debtor is represented by counsel, those concerns are not, in the Court's view, a sufficient basis to read requirements into a statute that Congress itself did not include. *See Lockhart v. United States*, 546 U.S. 142, 146 (2005)

8

(citation omitted) ("The fact that Congress may not have foreseen all of the consequences of a statutory enactment is not a sufficient reason for refusing to give effect to its plain meaning."); *Michigan v. Bay Mills Indian Cmty.*, 572 U.S. 782, 794 (2014) (courts may not "revise legislation . . . just because the text as written creates an apparent anomaly as to some subject it does not address."). Here, the statutory text is plain that to be liable for directly communicating with a consumer, the debt collector must "know[ ] the consumer is represented by an attorney with respect to such debt." 15 U.S.C. § 1692c(a)(2). The Court accordingly follows the majority view that to state a claim under Section 1692c(a)(2), a plaintiff must adequately allege that the debt collector had actual knowledge, prior to contacting the plaintiff, that the plaintiff was represented by counsel.

The remaining question is whether Plaintiff has adequately alleged that Arcadia had such actual knowledge. In this respect the Court finds the complaint to be deficient. The complaint alleges that "Arcadia knew that plaintiff was represented by counsel and should not be contacted directly before Arcadia sent its said collection letter directly to plaintiff at his home." FAC ¶ 41. (The complaint also pleads in the alternative that Arcadia did not know of plaintiff's legal representation, but had an affirmative duty to inquire, *see* FAC ¶¶ 42-46.) This allegation merely "tracks the statutory language and offers nothing more than conclusory assertions that are . . . insufficient under the Federal Rules of Civil Procedure." *Hennington*, 2010 WL 1329003, at *3 (dismissing Section 1692c claim for lack of "factual allegations demonstrating [the debt collector's] actual knowledge" that plaintiff was represented by counsel). *See also Maldonado*, 2014 WL 1297612, at *3 (quoting *Iqbal*, 556 U.S. at 678) ("The allegation that Defendants 'knew or could have readily ascertained that Plaintiff was represented by counsel' is a 'naked assertion' insufficient on its own to survive a motion to dismiss."). Although "[a] complaint is

allowed to contain general allegations as to a defendant's knowledge, because a plaintiff realistically cannot be expected to plead a defendant's actual state of mind," a complaint *is* "required to include allegations of the facts or events [the plaintiff] claim[s] give rise to an inference of knowledge." *Kaplan v. Lebanese Canadian Bank, SAL*, 999 F.3d 842, 864 (2d Cir. 2021) (cleaned up). Here, the only non-conclusory statement of a "fact or event" that arguably bears on Arcadia's actual knowledge that Plaintiff was represented by counsel is that Plaintiff told Weill Cornell as much, which, as discussed above, is an insufficient basis to infer the debt collector's knowledge. The FDCPA claim pursuant to Section 1692c is accordingly dismissed without prejudice and, as discussed below, Plaintiff will be given an opportunity to file an amended pleading.[2]

## II.   State Law Claims

Plaintiff has also asserted state law claims for deceptive consumer practices under Section 349 of the New York General Business Law and for negligence. Pursuant to 28 U.S.C. § 1367(c)(3), "a district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction." *Schaefer v. Town of Victor*, 457 F.3d 188, 210

---

[2] For the same reasons, Plaintiff has failed to state a claim under Section 1692e. That section of the FDCPA generally provides that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt," and sets out a nonexhaustive list of 16 such practices. *See* 15 U.S.C. § 1692e; *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62 (2d Cir. 1993). Plaintiff's argument for why he has stated a claim pursuant to Section 1692e is that "Arcadia's sending of a collection letter to a consumer known by Arcadia to be represented by an attorney is deceptive and misleading to the least sophisticated consumer." Pl. Mem. at 9. As noted above, however, Plaintiff has failed to allege in anything more than a conclusory manner that Arcadia had actual knowledge of Plaintiff's representation. As Plaintiff has not provided any other basis for concluding that Defendants violated Section 1692e, the claim is dismissed.

(2d Cir. 2006). Although declining to exercise supplemental jurisdiction in such a case is not

"absolutely mandatory," *Marcus v. AT&T Corp.*, 138 F.3d 46, 57 (2d Cir. 1998), in "the usual

case in which all federal-law claims are eliminated before trial, the balance of factors to be

considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness,

and comity—will point toward declining to exercise jurisdiction over the remaining state-law

claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988). As the Court is

dismissing Plaintiff's only federal claims, the Court declines to exercise supplemental

jurisdiction over the state law claims and dismisses them without prejudice. *Kolari v. New York-*

*Presbyterian Hosp.*, 455 F.3d 118, 119 (2d Cir. 2006); *Anderson v. New York City Dep't of Fin.*,

No. 19-CV-7971 (RA), 2020 WL 1922624, at *10 (S.D.N.Y. Apr. 21, 2020) ("Because the Court

. . . dismissed [the federal] claims early in the litigation, declining jurisdiction over the . . . state .

. . claims would not disserve the principles of judicial economy, convenience, or fairness.").

## CONCLUSION

For the foregoing reasons, the complaint is dismissed without prejudice. Plaintiff is

granted leave to file an amended complaint that corrects the deficiencies identified above, should

he have a good faith basis to do so. Plaintiff must file the amended complaint within 21 days of

the date of this order; failure to do so will result in dismissal of this case with prejudice. The

Clerk of Court is respectfully directed to terminate the motion pending at Dkt. 17.

SO ORDERED.

Dated:     August 25, 2021
           New York, New York

                                            Ronnie Abrams
                                            United States District Judge