UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 08/24/2022

ARTHUR RAYMOND,
                Plaintiff,

v.

ARCADIA RECOVERY BUREAU, LLC
and CORNELL UNIVERSITY *also known as*
WEILL CORNELL MEDICAL COLLEGE,

                Defendants.

No. 20-CV-5295 (RA)

MEMORANDUM
OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

Plaintiff Arthur Raymond brings this action against Arcadia Recovery Bureau, LLC ("Arcadia") and Cornell University a/k/a Weill Cornell Medical College ("Weill Cornell") asserting claims under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1962 *et seq.*, the New York General Business Law, and for negligence. Plaintiff claims that Arcadia, a debt collector working on behalf of Weill Cornell, violated the law when it contacted him directly to collect a debt, rather than going through his attorneys at Fagenson & Puglisi.

On August 25, 2021, the Court dismissed Plaintiff's first amended complaint ("FAC") because he failed to adequately allege that Arcadia had actual knowledge that he was represented by counsel, but granted Plaintiff leave to file an amended complaint should he have a good faith basis to do so. Plaintiff has since filed a second amended complaint ("SAC"), and Defendants have again moved to dismiss on the same grounds. For the reasons that follow, the motion is granted.

## BACKGROUND

The following facts are drawn from Plaintiff's second amended complaint and are assumed to be true for the purpose of resolving this motion. *See Stadnick v. Vivint Solar, Inc.*, 861 F.3d 31,

35 (2d Cir. 2017). On February 12, 2020, Plaintiff received medical services from Weill Cornell. In March 2020, Weill Cornell sent Plaintiff an invoice for $126.67. Plaintiff did not believe that he owed Weill Cornell any money because he thought his health insurance either had already or would at some point cover the expense. His attorneys at Fagenson & Puglisi sent a letter dated March 17, 2020 to Weill Cornell, disputing the debt and asking that plaintiff not be contacted directly. *See* SAC Ex. 1. On June 3, 2020, Arcadia, hired by Weill Cornell to collect the debt, sent a collection letter directly to Plaintiff at his home, seeking a balance of $126.67.

Upon receipt of the debt collection letter, "plaintiff's blood pressure became elevated thereby placing his health in jeopardy, and plaintiff felt surprise, confusion, annoyance, irritation, upset, frustration and a sense that defendants were trying to intimidate and harass him into paying the disputed debt which he does not believe he owes, and further, upon receipt of the collection letter at his home plaintiff wondered and feared that Fagenson & Puglisi no longer represented him in the matter of the debt and as a consequence was obliged to seek further legal advice and representation." SAC ¶ 56.

On August 25, 2021, the Court dismissed Plaintiff's FDCPA claims and declined to exercise supplemental authority over his state law claims. Plaintiff subsequently filed his second amended complaint on September 22, 2021. Weill Cornell moved to dismiss the complaint on October 1, 2021, and Arcadia joined its co-defendant's motion on October 6, 2021.

## LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007).[1]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).  On a Rule 12(b)(6) motion, the question is "not whether [the plaintiff] will ultimately prevail," but "whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 529–30 (2011).  In answering this question, the Court must "accept[] all factual allegations as true, but 'giv[e] no effect to legal conclusions couched as factual allegations.'" *Stadnick*, 861 F.3d at 35 (quoting *Starr v. Sony BMG Music Entm't*, 592 F.3d 314, 321 (2d Cir. 2010)).

## DISCUSSION

### I. FDCPA Claims

Weill Cornell and Arcadia move to dismiss Plaintiff's claims asserted against Arcadia under the FDCPA.[2]  Plaintiff brings claims under two sections of that statute, 15 U.S.C. §§ 1692c(a)(2) and 1692e.  Section 1692c(a)(2) prohibits "a debt collector" from "communicat[ing] with a consumer in connection with the collection of any debt . . . if the debt collector knows the consumer is represented by an attorney with respect to such debt."  Section 1692e generally

---

[1] Unless otherwise noted, case quotations omit all internal quotations, citations, alterations, and footnotes.

[2] Plaintiff's FDCPA claims are asserted only against Arcadia as the debt collector; Weill Cornell as the creditor is not liable under the statute.  *See Maguire v. Citicorp Retail Servs., Inc.*, 147 F.3d 232, 235 (2d Cir. 1998) ("As a general matter, creditors are not subject to the FDCPA."); *Randolph v. IMBS, Inc.*, 368 F.3d 726, 729 (7th Cir. 2004) ("A distinction between creditors and debt collectors is fundamental to the FDCPA, which does not regulate creditors' activities at all.").

prohibits using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

In its prior opinion, the Court explained that it was "follow[ing] the majority view that to state a claim under Section 1692c(a)(2), a plaintiff must adequately allege that the debt collector had actual knowledge, prior to contacting the plaintiff, that the plaintiff was represented by counsel." *Raymond v. Arcadia Recovery Bureau, LLC*, 556 F. Supp. 3d 369, 376 (S.D.N.Y. 2021). The Court granted Weill Cornell's motion to dismiss Plaintiff's claim pursuant to Section 1692c(a)(2) on the grounds that Plaintiff had pleaded insufficient facts from which the Court could infer that Arcadia did indeed have actual knowledge that Plaintiff was represented by counsel. Instead of pleading facts with particularity, the allegations in the FAC "merely track[ed] the statutory language and offer[ed] nothing more than conclusory assertions that [were] . . . insufficient under the Federal Rules of Civil Procedure." *Id.* The Court noted that "the only non-conclusory statement of a 'fact or event' that arguably bears on Arcadia's actual knowledge that Plaintiff was represented by counsel is that Plaintiff told Weill Cornell as much, which . . . is an insufficient basis to infer the debt collector's knowledge." *Id.* Plaintiff's claim under Section 1692e was dismissed for the same reason.

Plaintiff's Second Amended Complaint suffers from the same deficiency, as it does not provide any non-conclusory allegations that Arcadia had actual knowledge of Plaintiff's representation. Rather than alleging new or more specific facts to support his conclusory assertion that Arcadia knew of his legal representation, Plaintiff merely rewords several allegations. For instance, while the FAC alleged that "Weill Cornell informed Arcadia that plaintiff was represented by counsel," FAC ¶ 39, the SAC asserts that "Weill Cornell did inform Arcadia that plaintiff was represented by counsel." SAC ¶ 49. And while the FAC stated that "Arcadia knew

4

that plaintiff was represented by counsel and should not be contacted directly," FAC ¶ 40, the SAC reads: "Arcadia knew from information gained from Weill Cornell that Plaintiff was represented by counsel and should not be contacted directly." SAC ¶ 50.  Beyond including this new language, however, the SAC contains no new facts to support an inference that Arcadia gained any information from Weill Cornell that would suggest that it knew of Plaintiff's representation.

Accordingly, the Court still cannot reasonably infer that Arcadia had actual knowledge that Plaintiff was represented by counsel, as is required to state a claim under Section 1692c(a)(2). Plaintiff's claim under Section 1962e once again fails for the same reason.[3]

## II.  State Law Claims

Plaintiff again asserts state law claims for deceptive consumer practices under Section 349 of the New York General Business Law and for negligence.  As it did in its initial Order granting the motion to dismiss, the Court again declines to exercise supplemental jurisdiction over Plaintiff's state law claims.  *Schaefer v. Town of Victor*, 457 F.3d 188, 210 (2d Cir. 2006) ("[A] district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction.").

---

[3] Section 1692e provides that a "debt collector may not use any false, deceptive, or misleading misrepresentation or means in connection with the collection of any debt," and sets out a nonexhaustive list of 16 such practices. *See* 15 U.S.C. § 1692e; *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62 (2d Cir. 1993).  Plaintiff again argues that it was deceptive and misleading for Arcadia to send him a collection letter when it knew him to be represented by an attorney.  *See* Pl. Br. at 8.  Because the Court finds that Plaintiff has failed to sufficiently allege that Arcadia had knowledge of Plaintiff's representation, this claim is dismissed.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted and this case is dismissed. Plaintiff's federal claims are dismissed with prejudice and his state law claims are dismissed without prejudice to refiling in state court. The Clerk of Court is respectfully directed to terminate the motion pending at docket 38 and close this case.

SO ORDERED.

Dated:   August 24, 2022
         New York, New York

_____
Ronnie Abrams
United States District Judge